JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSSANA FIGUEROLA, <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE AGRIBUSINESS INSURANCE, <u>et</u> <u>al.</u> <br><br> Defendants. | Case No. CV 19-7491 FMO (MAAx) <br><br> **ORDER Re: MOTION TO REMAND** |

Having reviewed and considered all the briefing filed with respect to plaintiff's Motion to Remand (Dkt. 13,"Motion"), the court concludes that oral argument is not necessary to resolve the Motion. <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15; <u>Willis v. Pac. Mar. Ass'n</u>, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

### **BACKGROUND**

On November 28, 2018, plaintiff Rossana Figuerola ("plaintiff") filed a Complaint in the Santa Barbara Superior Court ("state court") against Nationwide Agribusiness ("Nationwide") ("defendant") and Hometown Insurance Services, Inc. ("Hometown"), and on July 1, 2019, filed a First Amended Complaint ("FAC") against the same defendants asserting claims related to an insurance dispute. (<u>See</u> Dkt. 1, Notice of Removal ("NOR") at ¶¶ & Exh. C (FAC)). On August 9, 2019, plaintiff filed a Request for Dismissal of Hometown, a California citizen, which the Clerk entered the same day. (<u>See</u> <u>id.</u> at ¶ 12 & Exh. E ("Dismissal")). Nationwide removed the action

to this court on August 29, 2019, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(b). (See id. at ¶ 1).

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires the case be remanded, as "[s]ubject matter jurisdiction may not be waived[.]" Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court.").

## DISCUSSION

Section 1446(b)(1) of Title 28 of the United States Code requires a defendant to remove a case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). While the 30-day time limit is procedural rather than jurisdictional, "the time limit is mandatory and a timely objection to a late petition will defeat removal[.]" Smith v. Mylan, Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (internal quotation marks omitted).

Here, Nationwide removed the action within 30 days after plaintiff dismissed Hometown, a non-diverse defendant. (See Dkt. 1, NOR at ¶ 12 & Exh. E (Dismissal). More specifically, plaintiff filed a Request for Dismissal on August 9, 2019, which the Clerk signed and entered on the same day. (See id.). Nationwide removed this action on August 20, 2019. (See id.).

Plaintiff argues that the 30-day clock was triggered earlier, and no later than July 22, 2019, when plaintiff filed and served a Notice of Settlement as to Hometown.  (See Dkt. 13, Motion at 3-4). However, "settlement with a non-diverse party does not establish diversity jurisdiction unless and until that party is dismissed from the action."  Dunkin v. A.W. Chesterson Co., 2010 WL 1038200, *2 (N.D. Cal. 2010); id. at *3 ("Courts . . . have . . . ruled that a settlement is insufficient to confer removal jurisdiction where the formal dismissal of the non-diverse defendant has not yet been entered."); Tyler v. American Optical Corp., 2016 WL 1383459, *4 (C.D. Cal. 2016) (same); Mertan v. E.R. Squibb & Sons, Inc., 581 F.Supp. 751, 752–53 (C.D.Cal.1980) (holding that settlement with non-diverse defendant did not render case removable because there was no complete diversity where state court had not yet dismissed that defendant); see, e.g. Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices Training Fund v. J.A. Jones,846 F.2d 1213 (9th Cir. 1988) ("If a state action includes non-diverse parties, it may not be removed until those parties have been dismissed.").  In short, the court concludes that the instant action did not become removable until Hometown was actually dismissed from the case, which occurred on August 9, 2019.  Thus, defendant's removal of the instant case was timely.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT plaintiffs' Motion to Remand **(Document No. 13)** is **denied.**

2. The parties' Stipulation for Order to Stay Discovery **(Document No. 28)** is **denied as moot**.

Dated this 27th day of February, 2020.

```
                    /s/
_____
              Fernando M. Olguin
            United States District Judge
```